[Cite as *Fed. Natl. Mtge. Assn. v. Porter*, 2017-Ohio-8852.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), a
corporation organized and existing under the
laws of the United States of America

     Appellee

     v.

DONALD F. PORTER, et al.

     Appellants

C.A. No.    28600


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV2016 04 1723

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

---

TEODOSIO, Judge.

{¶1} Simraj Financial Services, Inc. appeals from the order of the Summit County Court of Common Pleas granting summary judgment in favor of the Federal National Mortgage Association ("Fannie Mae"). This Court affirms.

I.

{¶2} Fannie Mae initiated this action in March 2016, filing its complaint in foreclosure against Donald F. Porter and Simraj Financial Services, Inc. ("Simraj"). Simraj's interest in the subject property stemmed from a land contract agreement it entered with Mr. Porter in 2010 and the subsequent execution of a quitclaim deed by Mr. Porter to Simraj. Simraj answered the complaint and filed a motion to refer the case to mediation, which was denied by the trial court. In January 2017, Fannie Mae filed its motion for summary judgment, alleging that the borrower defaulted under the terms of the note and mortgage by failing to make the payment due on

December 1, 2014. Simraj filed an opposition brief, alleging that it had continued to make mortgage payments on the property until such payments were refused first by JPMorgan Chase, N.A., and then by Fannie Mae. The trial court granted summary judgment in favor of Fannie Mae on March 15, 2017. Simraj now appeals, raising four assignments of error.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION[] IN DENYING APPELLANT'S MOTION TO REFER THE CASE TO MEDIATION.

{¶3} In its first assignment of error, Simraj argues that the trial court erred by denying its motion to refer the case to mediation. We disagree.

{¶4} Simraj states that the Supreme Court of Ohio "has mandated programs for foreclosure mediation," and cites to Summit County Loc.R. 22.03, which provides the procedure for mediation. Simraj does not provide any support for the proposition that a trial court is required to send foreclosure cases to mediation, and this Court can find no support for such a contention. We conclude the trial court did not err in denying the motion to refer the case to mediation.

{¶5} Simraj's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED [IN] HOLDING THAT APPELLEE HAD STANDING TO CHALLENGE THE TRANSFER FROM PORTER TO SIMRAJ.

{¶6} In its second assignment of error, Simraj argues the trial court erred in holding that Fannie Mae had standing to challenge the transfer of the subject property from Donald F. Porter to Simraj. We disagree.

{¶7}    The trial court's entry granting summary judgment did not find, hold, or otherwise comment on the issue of Fannie Mae's standing with regard to challenging the transfer of property.  This argument is without basis.

{¶8}    Simraj's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

[THE] TRIAL COURT ERRED AS THE TRANSFERS BETWEEN THE PORTERS AND SIMRAJ WERE MADE AND RECORDED PRIOR TO THE TRANSFER TO APPELLEE, HENCE, APPELLEE WAS ON NOTICE OF SIMRAJ'S POSTURE AS DEED HOLDER.

{¶9}    In its third assignment of error, Simraj argues the trial court erred because the transfer of the subject property to Simraj was made prior to Fannie Mae taking possession of the note and mortgage, and that therefore Fannie Mae was on notice that Simraj was in possession of the deed.  We disagree.

{¶10}   In this assignment of error, Simraj contends that it obtained possession of the deed prior to Fannie Mae's acquisition of the note and mortgage.  Simraj fails to demonstrate how this creates a genuine issue of material fact or how it is otherwise relevant to the trial court's entry of summary judgment in this foreclosure action.

{¶11}   Simraj's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE PATTERN AND HISTORY OF ACCEPTING PAYMENTS FOR A PERIOD OF YEARS DID NOT CONSTITUTE AN IMPLIED CONTRACT.

{¶12}   In its fourth assignment of error, Simraj argues the trial court erred in failing to hold that a pattern and history of accepting payments did not constitute an implied contract.  In support of this argument, Simraj directs us to R.C. 1302.11, which has been repealed.  Had it not been repealed, it would not be applicable, as Chapter 1302 is the part of Ohio's Uniform

Commercial Code specifically limited to the sale of goods. *See* R.C. 1302.01(A)(11); R.C. 1302.02. We need not address the merits of this argument, however, because the issue of an implied contract was not raised in Simraj's opposition to Fannie Mae's motion for summary judgment. "When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal." *Sovereign Bank, N.A. v. Chima*, 9th Dist. Summit No. 27178, 2015–Ohio–3865, ¶ 11, citing *Kelley v. Ruf*, 181 Ohio App.3d 534, 2009–Ohio–1215, ¶ 15 (9th Dist.). Simraj has therefore forfeited this argument.

{¶13} Simraj's fourth assignment of error is overruled.

III.

{¶14} Simraj's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} I concur in judgment only with respect to the third and fourth assignments of error but I do so solely on the basis that Simraj did not meet its reciprocal burden to demonstrate that a genuine issue of material fact remains to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

APPEARANCES:

MICHAEL A. HELLER, Attorney at Law, for Appellant.

MIKE L. WIERY and JESSICA M. WILSON, Attorneys at Law, for Appellee.